STATE OF VERMONT

SUPERIOR COURT                                         CIVIL DIVISION

Washington Unit                                Docket No. 222-6-20 Wncv

FILED

Walter Thompson,
    Plaintiff

MAR - 9 2021

v.

VERMONT SUPERIOR COURT   DECISION ON MOTION
WASHINGTON CIVIL

Acting Warden,
Acting Commissioner,
    Defendants

Regarding the State's Motion to Dismiss

Petitioner Walter Thompson is a Vermont inmate in a non-Compact, out-of-state facility located in Tutwiler, Mississippi and operated privately by CoreCivic. See 28 V.S.A. §§ 1601–1621 (Interstate Corrections Compact). CoreCivic is contracted by the State of Vermont to house Vermont inmates. Mr. Thompson was convicted of a serious disciplinary violation after testing positive for unpermitted drug use. He grieved the matter administratively without success and then sought Rule 75 review here, largely complaining that his conviction violated his due process rights.

The State has filed a motion to dismiss. It argues that there can be no review in Vermont because the Vermont Department of Corrections, or its commissioner, is not alleged to have either done anything or failed to do something having any bearing on Mr. Thompson's disciplinary conviction. It also argues that, in any event, the evidence shows that the Mississippi facility properly respected Mr. Thompson's due process rights. The court declines to dismiss on either basis.

The State's argument, in effect that it simply has no responsibility for Mr. Thompson, is predicated largely on case law under the Interstate Corrections Compact. Mr. Thompson's custody was transferred to the Mississippi facility pursuant to contract only, not under the Compact. The Compact case law is irrelevant to this case.

Implicit in the State's argument is the unstated and simplistic premise that, by sending Mr. Thompson to the out-of-state facility, it *ipse dixit* has wholly delegated full responsibility for him to that facility. The State fails to brief that matter in earnest. As one commentator has explained:

> It is one thing to allow a private prison to manage the day-to-day operations of the facility; it is quite another to permit private officials to make critical decisions that will have a profound impact on the criminal sentence an inmate is serving. In particular, there is reason to pause before delegating adjudicative power to private prison officials. If there were a total delegation of authority to private prisons on these issues, then the liberty interests of inmates would be in the

hands of private parties. If that were the case, private prison officials would be given authority to take away good time, to grant parole, to determine work-release assignments, *or to adjudicate charges of serious misconduct*. Some have argued that unless the State retains the ultimate authority over these matters, this kind of delegation is not lawful. To avoid this problem, a leading commentator on this the subject of private prisons strongly recommended that contracts and legislation authorizing and establishing private prisons ensure that "all of the important questions about the nature and length of inmate confinement are reserved exclusively to the contracting agency [the government]." The Standards of the American Bar Association are in accord.

4 Rights of Prisoners § 18:9 (5th ed.) (emphasis added, footnotes omitted).

At issue in this case is not whether the out-of-state facility properly exercised any delegated power to resolve a serious misconduct issue, but whether Vermont retains ultimate responsibility for the outcome of that administrative process such that Rule 75 review in Vermont may be maintained. Serious disciplinary infractions can have serious collateral impacts on an inmate. Vermont retains ultimate responsibility in such situations. The court declines to dismiss on this basis.

Otherwise, the State argues that the case should be dismissed on the merits. However, Rule 12(b)(6) is not the proper vehicle for such a decision. "The purpose of a Rule 12(b)(6) motion is 'to test the law of the claim, not the facts which support it.'" *Brigham v. State*, 2005 VT 105, ¶ 11, 179 Vt. 525. There are too many undetermined facts which have not been fleshed out in the pleadings for the court to address the merits.

The State's motion to dismiss is denied. Set for a status conference/motion hearing and the court will consider other pending matters.

Robert R. Bent,
Judge